THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DADRIE A MATTHIS,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SAFEWAY INC.,<br><br>　　　　　　　　Defendant. | CASE NO. C22-0065-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to compel and for attorney fees. (Dkt. No. 13.) Having thoroughly considered the briefing and the relevant record, and finding oral argument unnecessary, the Court GRANTS the motion for the reasons explained herein.

Plaintiff alleges she sustained injuries after slipping and falling at Defendant's gas station. (Dkt. No. 1-2 at 2.) She filed a complaint in King County Superior Court. (Dkt. No. 1-2.) Defendant removed the case to this Court. (*See* Dkt. No. 1 (Notice of Removal).) Initial disclosures and discovery requests began prior to removal. (Dkt. No. 13 at 2.) Defendant sent interrogatories and requests for production to Plaintiff for basic information about the incident and potential sources of relevant evidence. (*See* Dkt. No. 14-1, 14-2.) Plaintiff, through counsel, e-mailed answers to some, but not all, of the interrogatories. (*See* Dkt. No. 14-4.) Defendant contends the answers were incomplete and, in any event, deficient in that Plaintiff did not sign

them. (Dkt. No. 13 at 2.) Defendant further contends that Plaintiff failed to respond in writing, as required, to the requests for production, or produce *any* of the requested items. (*Id.*)

According to Defendant, the parties conferred on multiple occasions and, in each instance, Plaintiff's counsel indicated the remaining disclosures were forthcoming. (Dkt. No. 14 at 2-3.) Yet Plaintiff provided only inadequate follow-up responses to interrogatories and none of the documents sought through Defendant's requests for production. (Dkt. No. 14 at 3.) Defendant now moves to compel Plaintiff's production of Rule 26(a)(1) initial disclosures, along with full, complete, and procedurally compliant responses to its interrogatories[1] and requests for production. (*See* Dkt. No. 13-1 (proposed order).) Defendant also seeks fees in bringing this motion. (*Id.*) Plaintiff has not filed a brief in opposition, which the Court considers an admission that Defendant's motion has merit. *See* LCR 7(b)(2).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The Court has broad discretion to decide whether to compel disclosure of discovery. *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). If the Court grants a motion to compel, it must order attorney fees unless the opposing party's actions are substantially justified or other circumstances makes the award of expenses unjust. Fed. R. Civ. P. 37(a)(5), (d)(3).

Nearly eight months in, Defendant has yet to receive answers to basic discovery requests. Nor has it received initial disclosures required by the Federal Rules of Civil Procedure. What Plaintiff's counsel has provided in the way of discovery responses are inadequate and procedurally deficient. Nor has Plaintiff's counsel satisfied his obligation to meet and confer *in*

---

[1] Plaintiff's counsel provided Defendant with updated answers to some of the interrogatories, with Plaintiff's signature typed out to read "S/s Dadrie A. Matthis." (Dkt. No. 14-4 at 15.) This is not compliant with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33(b)(3), (5).

*good faith*. *See* LCR 1(c)(6). Plaintiff also has not presented any justification for her failure to provide initial disclosures, answer interrogatories, or produce items requested by Defendant. Accordingly, the Court FINDS good cause to compel Plaintiff to provide the missing disclosure and discovery in a procedurally satisfactory manner and to sanction Plaintiff in accordance with Rule 37(a)(5) and (d)(3). It is hereby ORDERED that:

1. Plaintiff shall provide initial disclosures required by Rule 26(a)(1) within 21 days of this Order.
2. Plaintiff shall supplement the answers to Defendant's interrogatories and provide a valid signature verifying the answers within 21 days of this Order.
3. Plaintiff shall produce the items requested for production by Defendant or provide full written responses explaining when the items will be produced or stating the grounds for objection to production within 21 days of this Order.
4. Defendant shall submit evidence of its reasonable expenses related to Plaintiff's failure to provide discovery within 14 days of this Order.

DATED this 24th day of August 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE