THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DADRIE A. MATTHIS,<br><br>             Plaintiff,<br><br>       v.<br><br>SAFEWAY INC.,<br><br>             Defendant. | CASE NO. C22-0065-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for sanctions and to dismiss the case (Dkt. No. 19). Defendant did not file an opposition brief to this motion. Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and GRANTS the motion for the reasons explained herein.

Plaintiff filed suit against Defendant in state court in October 2021. (Dkt. No. 1-2.) In November 2021, Defendant sent interrogatories and requests for production to Plaintiff, seeking basic information about the case. (Dkt. No. 19 at 2.) Plaintiff provided answers to some, but not all of the interrogatories. (*See* Dkt. No. 14-1, 14-4.) According to Defendant, these answers were incomplete, and unsigned by Plaintiff. (Dkt. No. 19 at 2.) Based on Plaintiff's answers, Defendant removed the case to this Court. (Dkt. No. 1.)

Defendant previously filed a motion to compel, arguing Plaintiff failed to provide basic

information about the case, despite repeated requests from Defendant's counsel. (*See* Dkt. No. 13.) In August 2022, the Court granted that motion, ordering Plaintiff to provide initial disclosures, supplemented interrogatories, and items requested for production within 21 days of the order. (Dkt. No. 16.) To date, over two months after the issuance of that order, Defendant asserts Plaintiff has still not provided the requested discovery. (Dkt. No. 19 at 6.) As a result, Defendant asks the Court to dismiss the case and to order Plaintiff to pay attorney fees for failure to participate in discovery. (Dkt. No. 19.)

If a party fails to comply with a discovery order, a court may dismiss the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(v). "District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) (citing *Hamilton Copper & Steel Corpl. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990). Dismissal should only be imposed as a sanction in extreme circumstances. *Id.* The court must weigh several factors when determining whether dismissal is appropriate: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). The court need not exhaust all other available sanctions before dismissing a case. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). Accordingly, Plaintiff has conceded that Defendant's motion has merit.

Here, the first three factors weigh in favor of Defendant. Plaintiff has had over a year to provide answers to basic recovery requests and has largely failed to do so. Although public policy favors the disposition of cases on the merits, this factor is minimized where the party whose responsibility it is to move a case toward disposition acts in a way that impedes progress

in that direction. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Despite Defendant's multiple requests, Plaintiff has failed to respond to basic discovery requests. Finally, less drastic sanctions, including this Court's previous order compelling Plaintiff to provide discovery and to pay Defendant's attorney fees proved unsuccessful. Accordingly, the Court concludes that dismissal is the appropriate sanction here.

In addition, a party who fails to obey a discovery order may be responsible for the reasonable expenses, including attorney's fees, incurred based on that failure to comply. Fed. R. Civ. P. 37(b)(2)(C). Given the circumstances, an award of reasonable expenses is appropriate here.

It is hereby ORDERED that:

1. Plaintiff's case is DIMISSED with prejudice.
2. Defendant shall submit evidence of its reasonable expenses incurred in addressing Plaintiff's failure to comply with the discovery order within 14 days of this Order. Plaintiff shall submit any objections to the reasonableness of the expenses within 7 days of Defendant's filing.

DATED this 10th day of November 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE